**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| ANNE VAUGHT, as Personal Representative of the Estate of DAVID VAUGHT and individually, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO.: 1:15-CV-346-TLS |
| QUALITY CORRECTIONAL CARE, LLC, REBECCA COOK, R.N., in her individual and official capacities, KELLEY CARROLL, N.P. in her individual and official capacities, SHERIFF MARCUS E. GATTON in his official capacity, SHERIFF MARK E. HODGES in his individual and official capacities, STEVE MYERS in his individual and official capacities, SAMUEL GILLESPIE in his individual and official capacities, B. ANDERSON in his individual and official capacities, PARKVIEW HOSPITAL, INC., and SARA ZOOK, in her individual and official capacities, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**OPINION AND ORDER**

This matter comes before the Court on a Motion to Strike [ECF No. 89] filed by

Defendants Quality Correctional Care, LLC (QCC), Rebecca Cook, R.N., and Kelley Carroll,

N.P. (collectively the QCC Defendants). The QCC Defendants filed the Motion to Strike after

Plaintiff Anne Vaught responded [ECF Nos. 79, 80, 81] to the QCC Defendants' Motion for

Summary Judgment [ECF No. 69]. The matter is now fully briefed and ripe for review.

**BACKGROUND**

The following is a brief summary that provides context for the current dispute over whether the Court may consider certain evidence for summary judgment purposes. Plaintiff Anne Vaught brought claims under 42 U.S.C. § 1983 and under state tort law against three sets of defendants after her husband passed away. (*See* First Am. Compl., ECF No. 17.) The three QCC Defendants are one set of defendants.

The Plaintiff's husband became ill while incarcerated at the Whitley County Jail. QCC had contracted with Whitley County to provide medical services to inmates at the Whitley County Jail. Rebecca Cook worked for QCC as a nurse, and Kelley Carroll worked for QCC as a nurse practitioner. Both provided medical services to the Plaintiff's husband while he was incarcerated.

The QCC Defendants moved for summary judgment, and the Plaintiff responded. The Plaintiff included twenty-six exhibits in her response briefing, including Exhibit 24, which was manually filed with the Clerk and mailed to all defendants, see [ECF No. 80]. Exhibit 24 is a DVD-R that contains the audio of several calls between the Plaintiff and her husband, and the QCC Defendants moved to strike Exhibit 24 on several grounds. In its Motion to Strike, the QCC Defendants asserted that Exhibit 24 was not properly authenticated and contains inadmissible hearsay. The QCC Defendants have also moved to strike certain text from the Plaintiff's Response to the Motion for Summary Judgment, and have asked for additional time to file an Amended Reply to support their Motion for Summary Judgment if the Court denies the Motion to Strike.

**ANALYSIS**

The QCC Defendants appear to base their Motion to Strike on Federal Rule of Civil

Procedure 56. Rule 56(c) lays out the procedures for summary judgment. The Rule states that

"[a] party may object that the material cited to support or dispute a fact cannot be presented in a

form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). The QCC Defendants

assert that certain text in the Plaintiff's Memorandum in Support of Response and Exhibit 24 are

not supported by admissible evidence. They ask that the Court strike this text and Exhibit 24,

presumably under Rule 56(e)(4), which allows the Court to "issue any other appropriate order"

where "a party fails to properly support an assertion of fact or fails to properly address another

party's assertion of fact as required by Rule 56(c)[.]" See Fed. R. Civ. P. 56(e). This decision is

within the sound discretion of the Court. *See Bordelon v. Chi. Sch. Reform Bd. of Trustees*, 233

F.3d 524, 527–528 (7th Cir. 2000).

The Court will first address whether it will strike certain text from the Plaintiff's

Memorandum. The QCC Defendants argue that the Plaintiff impermissibly provided an expert

opinion when she claimed that her husband was suffering from sepsis. (Def. Mot. to Strike 2,

ECF No. 89; *see also* Pl. Mem. in Supp. 8, ECF No. 78.) The Court notes the QCC Defendants

objections. Because the Court is able to distinguish which exhibits, affidavits, statements, and

commentary may properly be considered when deciding whether summary judgment is

appropriate, the Court declines to strike these statements from the Plaintiff's Memorandum. The

Court will consider the QCC Defendants' objection to the Plaintiff's qualifications, and the

nature of her testimony, in its summary judgment analysis, which will be issued in a forthcoming

Opinion and Order.

Next, the Court turns its attention to Exhibit 24. The QCC Defendants argue that Exhibit 24 has not been properly authenticated and that Exhibit 24 contains inadmissible hearsay. Consequently, the QCC Defendants also argue that the Plaintiff's Memorandum contains improper references to Exhibit 24. Therefore, the QCC Defendants assert that the Court should strike Exhibit 24 and accompanying references in the Plaintiff's Memorandum.

The Court agrees that Exhibit 24 has not been properly authenticated. Evidence must be authenticated before the Court may consider it on summary judgment. *Smith v. City of Chi.*, 242 F.3d 737, 741 (7th Cir. 2007). The party seeking to authenticate an audio recording in a civil proceeding must do so by clear and convincing evidence. *Id.* That party may do so by either showing the chain of custody, or by establishing the accuracy and trustworthiness of the audio recording. *Id.* at 741–42. Although there is no formulistic approach to authenticating audio recordings, eyewitnesses or conversation participants can sufficiently authenticate an audio recording through affidavits or testimony. *Id.* Generally, conversation participants can authenticate an audio recording by testifying that they have listened to the audio recording and by identifying the voices of the participants on an audio recording. *Id.* at 742; *see also United States v. Brown*, 136 F.3d 1176, 1181 (7th Cir. 1998) (superseded by statute on other grounds as stated in *United States v. Ali*, 619 F.3d 713 (7th Cir. 2010)). After the proponent demonstrates that the audio recordings are authentic, the burden shifts to the opponent to rebut that showing. *Smith*, 242 F.3d at 742.

In this case, the Plaintiff argues that in her deposition she testified that she talked on the phone with her husband while he was at the Whitley County Jail, and that this is sufficient to authenticate the audio recordings in Exhibit 24. The Court disagrees. The Plaintiff did not discuss these specific tapes in her deposition, although she did allude to various phone calls she

had with her husband at various times while he was incarcerated at Whitley County Jail. This is insufficient to authenticate Exhibit 24, but the Court declines to strike Exhibit 24. Instead, the Court grants the Plaintiff the opportunity to provide additional foundation to authenticate Exhibit 24. *See* Fed. R. Civ. P. 56(e)(1).

The Court has noted that the QCC Defendants object to certain statements in Exhibit 24 as inadmissible hearsay, and that the Plaintiff contends that the statements are either provided for non-hearsay purposes or that an exception to the rule against hearsay applies. As such, the Court declines to strike any text regarding Exhibit 24 from the Plaintiff's Memorandum, and will consider the parties' arguments in its forthcoming Opinion and Order addressing the QCC Defendants' Motion for Summary Judgment.

**CONCLUSION**

For these reasons, the Court DENIES the QCC Defendants' Motion to Strike [ECF No. 89]. The Court GRANTS Plaintiff Anne Vaught until May 4, 2018, to authenticate Exhibit 24, see [ECF No. 80]. The Court FURTHER GRANTS the QCC Defendants until May 4, 2018, to file an Amended Reply, see [ECF No. 88], which supports its Motion for Summary Judgment [ECF No. 69]. Both Motions for Summary Judgment [ECF Nos. 69, 71] remain pending.

SO ORDERED on April 19, 2018.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT